IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| OLANDO JUWAN THOMAS,<br>ADC #143397, | *<br>*<br>* | |
| Plaintiff, | * | |
| v. | * | No. 5:12CV00359-JJV |
| | * | |
| JAMES BANKS, Warden, Varner Unit; *et al.*, | *<br>* | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

**I.     INTRODUCTION**

Before the Court is Defendants' Motion for Summary Judgment (Doc. No. 34). Plaintiff filed a Response in opposition to the Motion and an Addendum (Doc. Nos. 37, 38).

Plaintiff is a state inmate at the Varner Unit of the Arkansas Department of Correction. He filed this action pursuant to 42 U.S.C. § 1983, alleging 1) a violation of his First and Fourteenth Amendment rights to equal protection and the free exercise of his religion; and 2) a violation of his Eighth Amendment right when Defendants were deliberately indifferent to his safety and well being.

**II.    ANALYSIS**

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulaney v. Carnahan*, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere

1

denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

### A. Official Capacity Claims

Defendants assert they are entitled to sovereign immunity as to Plaintiff's official capacity monetary claims. (Doc. No. 36 at 3.) Plaintiff's Complaint is silent as to whether they are being sued in their personal or official capacities or both. (*See* Doc. No. 2.) When a complaint is silent as to the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007); *Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999).

Plaintiff's official capacity claims for money damages must be dismissed as barred by sovereign immunity. The doctrine of sovereign immunity bars the recovery of monetary damages from state actors acting in their official capacity. *See Fegans v. Norris*, 537 F.3d 897, 908 (8th Cir. 2008) (state employees acting in their official capacity are immune from civil suits for damages); *Hagemeier v. Block*, 806 F.2d 197, 203 (8th Cir. 1986) (sovereign immunity bars claims against official in their official capacities). Plaintiff's official capacity claims for injunctive relief are addressed herein.

### B. First and Fourteenth Amendment Claims

Plaintiff states that on March 12, 2012, he was denied the right to attend a religious study period (Taleem) because his barracks was in a "punitive status." (Doc. No. 2 at 2.) He further states that Christian inmates were allowed to attend "special services" during the same time period. But

in response to Defendants' Motion, Mr. Thomas stated he "is dropping his 1st Amendment claim regarding denial of Taleem service." (Doc. No. 37 at 4.) So, the Court dismisses Plaintiff's free exercise of religion claims.

    **C.    Eighth Amendment Claim**

Plaintiff's remaining Eighth Amendment claim stems from being told to work in his shower shoes when his medically prescribed shoes had been stolen. (*Id.* at 3.) He states Defendant Davis failed to acknowledge his need for therapeutic shoes and forced him to work in shower shoes whereby he was injured during a slip and fall. (*Id.*) He further states that Defendant Banks failed to investigate his claim and falsely responded to his grievance. (*Id.*)

Defendants argue that Lieutenant Davis's actions, at most, amount to negligence and are not actionable under § 1983. (Doc. No. 36 at 9-10.) Plaintiff counters that Defendants were obligated to honor his script and making him work without his script shoes was deliberate indifference to his serious medical needs.

In considering Plaintiff's claim, the Court can see how Mr. Thomas believes his rights were violated. However, the constitutional standard for deliberate indifference is extremely high. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "This subjective state of mind must be present before a plaintiff can be successful because only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Blades v. Schuetzle*, 302 F.3d 801, 803 (8th Cir. 2002) (internal quotation marks omitted). "This requisite state of mind is akin to recklessness, which is 'more blameworthy than

negligence,' yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmates." *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007) (quoting *Farmer*, 511 U.S. at 835).

This set of events, while unfortunate, fails to rise to the level of deliberate indifference. While the Court disagrees with defense's "but for" analysis, they correctly assert that this claim is, at best, negligence. The facts – viewed in the light most favorable to Plaintiff – fail to support a finding that Lieutenant Davis knew or should have known that requiring Mr. Thomas to work in his shower shoes would expose him to an excessive risk to his safety. Therefore, the Court concludes that Plaintiff's Eighth Amendment claim should also be dismissed.

    **D.**    **Respondeat Superior**

Plaintiff alleges Warden Banks failed to investigate the incident and falsely responded to the grievance. (Doc. No. 2 at 3.) Plaintiff's allegations are not claims of constitutional magnitude and are dismissed for failure to state a claim upon which relief may be granted.

Inasmuch as Plaintiff is suing Warden Banks in his role as supervisor, the defense correctly argues that he may not be held liable on this basis. Supervisory liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's alleged unconstitutional actions. *See White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when his corrective inaction constitutes deliberate indifference toward the violation. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). Absent allegations of Warden Banks's personal involvement and/or knowledge in the alleged incidents in the Complaint, the Court finds he should be dismissed as a party to this lawsuit.

### E. Qualified Immunity

Even if Defendants could be found to have violated Mr. Thomas's rights, the Court finds they would be entitled to qualified immunity. Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

On close review of the Complaint and the evidence in support of the Motion for Summary

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

Judgment, the Court finds that Defendants are entitled to qualified immunity. No reasonable fact finder could find that the facts, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right or any right so clearly established that a reasonable official would have known that his actions were unlawful. Accordingly, these Defendants are entitled to qualified immunity.

Therefore, as a matter of law, the Court finds Defendants' Motion for Summary Judgment should be granted, and Plaintiff's Complaint should be dismissed with prejudice.

### III.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.   Defendants' Motion for Summary Judgment (Doc. No. 34) is GRANTED and this case is DISMISSED with prejudice.

IT IS SO ORDERED this 13th day of January, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE